**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:16-cv-81408-MIDDLEBROOKS**

WOODBRIDGE STRUCTURED FUNDING, LLC, a Delaware Limited Liability Company, and WOODBRIDGE GROUP OF COMPANIES, LLC, a Delaware Limited Liability Company,

Plaintiffs,

v.

ANDRES PINA, an individual, SHANOID ANTHONY MAYS, a/k/a Anthony Mays, an individual, JOSUE BENITEZ, an individual, and THE 314 INVESTMENTS, an unknown California entity,

Defendants.
_________________________________/

**ORDER GRANTING PRELIMINARY INJUNCTION AGAINST DEFENDANT ANDRES PINA**

THIS CAUSE comes before the Court on Plaintiffs', Woodbridge Structured Funding, LLC and Woodbridge Group of Companies, LLC (collectively, "Woodbridge"), Request to Enter Agreed Preliminary Injunction Order by Consent of Andres Pina ("Motion"), filed October 14, 2016 (DE 74). Federal Rules of Civil Procedure Rule 65(c) provides that in order for the Court to issue a preliminary injunction, the movant must give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Parties having agreed to the terms of a Preliminary Injunction, it is hereby

**ORDERED and ADJUDGED** that

(1) Plaintiffs' Motion (DE 74) is **GRANTED** as follows:

(a) Defendant Pina shall immediately preserve all documents, data, tangible things, and other materials relating to this case, including, without limitation, emails, data, databases, cloud storage, and paper and electronic data and documents, including any and all metadata, and shall take all steps necessary to do so.

(b) Defendant Pina is hereby enjoined from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing Woodbridge Structured Funding and/or Woodbridge Group's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained from, or by virtue of his employment with, Woodbridge Structured Funding and/or Woodbridge Group, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories.

(c) Defendant Pina is hereby enjoined from directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiffs, any of Woodbridge Structured Funding and/or Woodbridge Group's confidential, proprietary, or trade secret documents, data or information, including but not limited to, the use of Woodbridge Structured Funding and/or Woodbridge Group's accounts with third party vendors and contractors.

(d) Defendant Pina is hereby enjoined from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any Woodbridge SF and/or Woodbridge Group customers or clients whose accounts were assigned to him while he was employed by Woodbridge SF and/or Woodbridge Group.

(e) Defendant Pina, is hereby enjoined from directly or indirectly interfering or inducing others to interfere with Woodbridge SF and/or Woodbridge Group consultants, contractors or third parties, including but not limited to Woodbridge investors and Woodbridge's data service providers.

(f) To comply with Defendant Pina's obligations in Sections (d) and (e), Pina may disclose to Plaintiffs' counsel the full name and residential city and state of a prospective structured settlement customer and/or a prospective structured settlement investor (disclosure may be subject to the Stipulated Protective Order) and within two (2) business days Plaintiffs' counsel will either (1) clear the prospective structured settlement customer and/or a prospective structured settlement investor as being not in conflict with Pina's obligations or (2) affirmatively state that a conflict exists with Plaintiffs.

(g) If Defendant Pina discloses to Plaintiffs' counsel the name and/or place of

residence of a prospective structured settlement customer(s) and/or prospective structured settlement investor as contemplated in section (f) above, Plaintiffs' counsel shall treat such information as an "attorneys' eyes only" submission pursuant to the protective order in this action and shall not disclose any portion of such information to the Plaintiffs or any third parties.

(h) Nothing herein precludes Defendant Pina from engaging in the structured settlement business.

(2) The Temporary Restraining Order issued on August 12, 2016 (DE 7), and extended through the hearing on the preliminary injunction on September 13, 2012 (DE 41), is hereby extinguished as to Defendant Pina.

(3) Based on the Parties' consent, Plaintiffs shall post a bond of $0.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of October, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

Copies to: Counsel of Record